## SUPREME COURT.

### THE PEOPLE *ex rel.* SAMUEL BOYLSTON, Respondent agt. JONATHAN TARBELL, Appellant.

A *notice of appeal* from a judgment at circuit or special term, which states that the appeal is taken to the " supreme court," instead of saying to the " general term of the supreme court," as stated in the laws of 1854, (*Session Laws of* 1854, *p.* 592,) is sufficient; especially where the undertaking recites that the defendant has appealed to " the supreme court at general term."

Where an appeal was taken from a judgment of restitution for certain premises with $86.28 costs, and the *notice of appeal* stated that the appeal was "from the judgment entered in this action to the supreme court; said judgment was entered for $86.28," &c.

*Held,* on objection that the appeal was taken only from the part of the judgment giving costs, and not from the award of restitution, that the notice was sufficient, accompanied as it was with a copy undertaking which recited that " the defendant shall pay to the relator for the use of the premises described in the proceedings in said judgment, from the 12th day of July, 1856, until the said premises *shall be restored,* &c., to the relator."

Where an order in the action was agreed upon by the attorneys of the respective parties in open court, allowing defendant thirty days to appeal, after notice of judgment, and also to make a case, but by a mistake, the christian name of the defendant was entered in the order " Daniel," instead of " Jonathan," and describing the undertakings required to be given and proceedings in the meantime to stay.

On objection that there was no stay of proceedings because: 1st. No valid order was entered, 2d. If the order was valid, it ceased to be binding for want of the proper security, inasmuch as the condition of the undertakings were to pay costs of the appeal not exceeding $250, and " all damages which shall be awarded against the appellant upon the appeal, not exceeding $175 for the use of the premises," &c. And the defendant joined the two undertakings, and the affidavit of the justification of the sureties was not equal to what it should have been had they been separate, that the justification was only in the sum of $675, when it should have been $845.12.

*Held,* 1st. That the order was entered probably by mistake as to the name of the defendant; but it was intended to be in this action, and entered in open court in presence of the parties, and both had regarded it as a valid one, and acted under it up to the time of service of notice of appeal. The order must be held valid, with leave to the defendant to properly amend it. 2d. The affidavit of justification was technically insufficient. Section 341 of the Code requires the affidavit of the sureties to state that they are each worth double the *amount specified therein.* Leave to amend given.

The People agt. Tarbell.

*Washington Circuit and Special Term, May, 1857.*

MOTION to set aside writ of restitution or to perfect appeal, &c.

The defendant was convicted on a traverse taken to proceedings for forcible entry and detainer, originally commenced before the county judge of Essex county, and removed by certiorari to this court. The trial was had at the Essex circuit in March, 1857, before Judge ROSEKRANS, and a verdict rendered against defendant, on which judgment was entered against defendant for $86.28, and a restitution of the possession of the premises awarded. Thirty days were allowed defendant by an order agreed upon in open court to appeal after notice of judgment, and also to make a case. The order, by a probable mistake, was entered as in a cause wherein *Daniel* Tarbell was defendant, instead of the defendant in this action, but it was partly drawn up by the counsel for the relator, and ordered in open court in this action. It required that the security on the appeal should be an undertaking to the amount of $250, to pay costs as in ordinary cases of appeal, also an undertaking in double the amount of the judgment, to pay the same, if judgment should be affirmed, and a bond in the sum of $250, with a condition to pay for the use of the premises by defendant, from the time of the entry as alleged in the complaint, until they should be restored to the relator, *if judgment* should be affirmed. The undertaking and bond to be acknowledged, and the sureties, of which there should be two, to justify, and proceedings were in the meantime to stay. No copy of the order was ever served, but it was ordered to be entered in open court in the presence of the counsel of both parties, and was entered by the clerk as before stated, in the name of *Daniel Tarbell,* in the title of the cause as defendant.

Notice of the judgment was served on defendant's attorney on the 23d day of March, 1857, and on the 22d day of April, 1857, (the last day,) notice of appeal was served on the clerk and on relator's attorney, as follows: "Please to take notice, that the defendant appeals from the judgment entered in this action, to the supreme court; said judgment was entered for

eighty-six dollars and twenty-eight cents, &c., on the 20th day of March, 1857, in the clerk's office of Essex county."

The notice was accompanied with copies of the undertakings entered into by defendant and two sureties, which were duly acknowledged. The sureties also justified in one undertaking to the amount of $500, double the amount therein, which was conditioned to pay for the use of the premises if judgment should be affirmed, and in the other, the sureties justified in the amount of $675, conditioned to pay the amount of judgment if it should be affirmed, and all damages, &c.

The attorneys for the relator, deeming the appeal and notice irregular, and not in compliance with the terms of the order, on the 24th day of April, (two days after the service of notice,) returned the notice by mail to the defendant's attorney, whose office was sixteen miles from their residence, and at the same time gave notice to defendant's attorney that they should disregard the appeal, and execute their writ of restitution on the following grounds:

1. That the notice was of an appeal to the "supreme court," instead of being to the "general term of the supreme court."

2. That the notice was of an appeal from that part of the judgment only which gives costs.

3. That the proper undertakings on the appeal were not executed.

4. That no undertaking in a sum double the amount of the sum recovered by the relator against the defendant, had been given or executed.

5. That the justification of the sureties to the undertaking filed and recorded, was in too small a sum, it being in the sum of $675 only, when it should have been in the sum of $845.12.

6. That defendant had no right to appeal at all, or if he had, he having failed for all or some of the reasons to perfect his appeal, the attorneys for relator should disregard the appeal and proceed as if no order to stay proceedings had been granted.

A writ of restitution was accordingly issued and served on the 25th of April, 1857, and the relator put into possession of

the premises. The defendant's attorney now makes a motion to set aside the writ, and that defendant be again restored to the possession of the premises, or in case that any irregularity should be deemed to exist in his appeal, that he have leave to amend and perfect it, he swearing that it was put in in good faith and not for delay.

POND & HAND, *for relator.*
J. P. BUTLER, *for defendant.*

C. L. ALLEN, Justice. I do not perceive that there is any force in the general objection that defendant had no right to appeal at all. The relator's attorney and counsel conceded this right when they agreed upon the order which was entered in open court, after being partly drawn up by them, and in their presence.

The *first* specific objection is, that the notice is of an appeal to the supreme court *generally,* instead of being to the general term as prescribed by statute.

The act of 15th April, 1854, (*Session Laws of* 1854, *p.* 592,) enacts that the appeal may be taken to the "general term of the supreme court," and section 348 of the Code of 1852, declares that " an appeal upon the law may be taken to the general term, from a judgment entered upon the report of a referee, or the direction of a single judge of the same court," &c. And section 344 prescribes that *an appeal may be taken to* " the supreme court," from a judgment rendered by a county court, &c. These appeals are all heard at general term. There is no appeal from the judgment rendered by a single judge to the circuit or special term, although section 265 specifies certain cases, where exceptions are in the first instance to be heard at special term. Section 327 requires that the appeal must be made by the service of a notice in writing on the adverse party and on the clerk from whom the judgment or order appealed from is entered, stating the appeal from the same or some specified part thereof. Section 346 declares that appeals in the supreme court "*shall be heard at a general term.*" Taking all

these sections together, I think the notice of appeal in this case was sufficient. The relator could not have been misled by it. By the notice of appeal to the *supreme court*, he knew that it could be heard nowhere else than at the *general term*, and that the appeal was necessarily to that term, the circuit court or special term having no appellate *jurisdiction*. Besides, in this case, the notice was accompanied by copies of the undertakings, in one of which it was recited that the defendant had appealed to " the supreme court at general term, from the judgment, &c., entered on the 20th of March, 1857." The notice must be deemed sufficient.

The second objection is, that the notice is of an appeal from that part of the judgment for costs only, and that it does not affect the award of restitution. Section 327 before quoted, declares that the notice must state the appeal to be from the judgment, or *some specified part thereof.* In this case, the notice states that the appeal is " from the judgment entered in this action to the supreme court; said judgment was entered for $86.28, &c., on the 20th day of March, 1857, in the clerk's office of Essex county." By section 330, the supreme court "may reverse, affirm or modify the judgment or order appealed from, in *the respect mentioned in the notice of appeal, &c.*" The counsel for the relator argues, that the notice of appeal, and *also the recital in the undertaking*, specifies the judgment for costs as being the part appealed from, and that the award of restitution is, therefore, in no way affected by the appeal. It is true, that the recital in one of the undertakings is, that the appeal is in relation to the payment of the costs entered in the judgment. But if there is any force in this argument, it is fully answered by the recital in the other undertaking and also in the condition—which is, that defendant shall pay to the relator for the use of the premises described in the proceedings in said judgment, from the 12th day of July, 1856, until the said premises *shall be restored*, &c., to the relator." This shows conclusively, that defendant intended to appeal from that part of the judgment awarding restitution, as well as to that part granting costs. The appeal was *from the judgment entered in*

the action, and then the notice proceeds to state that, "said judgment was entered for $86.28," &c., meaning probably to allude to the amount of costs, &c., as matter of description. The notice technically should have been, that an appeal was taken from the *whole* judgment ; but the relator could not have been misled, accompanied as the notice was, by the copies of undertakings before alluded to. I think the notice was sufficient, but as defendant will have leave to amend his affidavit of justification as hereafter specified, he may also amend his notice within the same time allowed in that particular, if he deems it advisable so to do.

It is objected further, that there was no stay of proceedings when the writ of possession issued.

*First.* Because there was no valid order for a stay of proceedings entered originally. The order was entered undoubtedly by mistake in inserting the name of *Daniel* Tarbell as defendant, instead of defendant in the title of the cause. Whether this was the mistake of the clerk or of either of the parties, does not appear. But as already observed, the order was intended to be in this action. It was partly drawn up by the relator's counsel, and ordered to be entered in open court in the presence of the parties, and both had regarded it as a valid order and acted under it, up to the time of service of notice of appeal, although no copy had been served on the relator's attorneys, none probably having been deemed necessary, as it was entered in the presence of the parties. It is not pretended but that the order was intended to be a valid one, and I must deem it such, granting leave to the defendant to amend it as entered, by inserting his own name in the title, instead of that of Daniel Tarbell.

*Second.* It is argued that the order, if deemed to be valid, ceased to be binding for want of the proper security, inasmuch as it required an undertaking in $250 to pay costs, and also an undertaking in a sum double the amount of the judgment conditioned to pay for the use of the premises, &c. It is urged, that although defendant has joined the two undertakings in one instrument, yet that the sum of the justification is not

equal to what it should have been if the undertakings had been separate; that the justification is only in $675, when it should have been $845.12.

The judgment for costs was $86.28, which is recited in the undertaking. The condition is that defendant shall pay costs of appeal not exceeding $250, and " all damages which shall be awarded against the appellant upon the appeal, not exceeding $175," &c. Section 341 enacts that " an undertaking upon an appeal shall be of no effect, unless it be accompanied by the affidavit of the sureties that they are each worth double the amount specified therein. This seems to settle the question. The affidavit was in double the amount of the first sum mentioned in the condition, viz: $250, but was not in double the amount of the latter sum, $175. That sum, it is true, was more than double the amount of costs; but as the section seems to be imperative, the affidavit was technically insufficient. The defendant must have leave to amend his affidavit of justification, within thirty days, and serve a copy thereof, with copy of this order, within that time.

As to restitution : if the appeal had been perfectly regular in all respects, I should probably have granted an order to that effect ; but as I have granted defendant a favor in giving him leave to amend and perfect his appeal, and as there is no pretence or claim that the relator is insolvent or will not be able to make complete restitution of all property and rights to defendant under section 330, if the judgment shall be reversed, I shall deny that part of the defendant's motion. If defendant shall amend and perfect his appeal in the particulars required within the time granted by the order, that part of his motion is to be granted with $10 costs of opposing motion on the part of defendant, to abide the event of the appeal. Otherwise the motion is to be denied with $10 costs.

Order accordingly.